UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : Case No. 23-cr-190 (ABJ) | |
| ASHLEY GAUSE, et al., : | |
| : | |
| DEFENDANTS. : | |

**OPPOSED MOTION TO CERTIFY CASE AS "COMPLEX"**

The United States of America, by and through its attorney the United States Attorney for the District of Columbia, respectfully files this Motion to Certify this Case as "Complex." The bases for this motion are as follows:

1. The Speedy Trial Act provides, with limited exceptions, that trial must commence within 70 days from the date an Indictment is made public. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act further provides that certain periods of time are excluded from the computation of time within which the trial must commence. 18 U.S.C. § 3161(h).

2. Among the factors that the Court may consider in excluding time under the Speedy Trial Act is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii); *see also United States v. Rice*, 746 F.3d 1074, 1078-79 (D.C. Cir. 2014); *United States v. Raymond*, 656 F. Supp. 3d 236, 240 (D.D.C. 2023).

3. The United States respectfully submits that this case qualifies as "complex" under 18 U.S.C. § 3161(h)(7)(B)(ii), due to the nature of the charged conspiracies, the number of

individual offenses, the number of defendants, and the volume and nature of discovery in this matter.

4.     The Defendants are charged with conspiracies and substantive offenses in relation to the robbery of eighteen businesses (nine pharmacies and nine cellular device stores) throughout D.C., Maryland, Virginia, and New Jersey from at least May 9, 2020, through May 26, 2021. Additionally, a carjacking is incorporated as an overt act in the conspiracy.

5.     The nature of the charged conspiracy, specifically the number of offenses and number of different perpetrators of those offenses renders this case complex.  The Government alleges that different combinations of defendants participated in different robberies or groups of robberies over the course of more than a year.  Certain of the robberies were the result of recognizance and surveillance.  And the robberies took place at various locations along the east coast, stretching more than 350 miles.

6.     Each of the underlying robberies was investigated by local police.  Each of those investigations led to the production of reports, photographs, forensic evidence, body-worn camera, recorded radio communications, witness statements, and surveillance footage.

7.     Separately, the FBI's investigation in this matter relied primarily upon digital evidence including cell site location information for several of the Defendants' cellular devices, extractions of multiple cellular devices, and records and information from social media providers such as Instagram and Apple.

8.     The Government has provided much of this evidence to defense counsel already. *See* ECF No. 30. The initial production consisted of approximately 311 gigabytes of data reflecting 4,521 files across 215 folders.  This does not include 271 files of body-worn camera for the D.C. offenses which were provided separately.

9. Given the number of offenses and defendants, the Government anticipates litigating multiple different motions to sever defendants and counts filed by the various defendants.

10. The Government's evidence rests in part on cell site information for certain of the defendants. This data is voluminous, comes in the form of Excel spreadsheets, and is difficult to understand except through the use of specialized software and/or expertise. The cell site information would not be used solely to reflect a specific defendant's presence at a robbery. Instead, the Government would need to show that a defendant is tied to a specific device using location information reflecting them at various places of importance in their life (home, school, etc.). In sum, a central portion of the Government's evidence is information that is voluminous, requires expertise or specialized software to parse, and will take significant time to analyze.

11. Additionally, the Government anticipates relying on both fingerprint and DNA evidence at trial. Certain defense counsel have already indicated that they are likely to retain their own experts to analyze this evidence, which will necessarily take time.

12. Defendants Gause, Neal, and Dolford do not object to this motion. Defendant Blount takes no position. Defendants Mitchell, Branham, and Henderson object to this motion.

13. Considering the totality of the circumstances, the United States respectfully requests that this Court issue an order certifying this case as "complex" under 18 U.S.C. § 3162(h)(7)(B)(ii), and consider that complexity when scheduling future status conferences, hearings, and trial in this matter.

WHEREFORE the United States respectfully requests that its Motion to Certify the Case as "Complex" under the Speedy Trial Act be GRANTED.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:        */s/ Cameron A. Tepfer*
        Cameron A. Tepfer
        D.C. Bar No. 1660476
        Assistant United States Attorney
        601 D Street NW
        Washington, D.C. 20530
        202-258-3515
        Cameron.Tepfer@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Case No. 23-cr-190 (ABJ)** |
| **ASHLEY GAUSE, et al.,** : | |
| : | |
| **DEFENDANTS.** : | |

## ORDER

The Court is in receipt of the Government's Motion to Certify Case as "Complex," pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Good cause having been found, the motion is hereby **GRANTED**.

Given the nature of the charged offenses, number of defendants, and volume and nature of discovery that has been or will be provided, the Court finds that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" in the Speedy Trial Act.

**SO ORDERED**

Dated: _____   _____
HON. AMY BERMAN JACKSON
United States District Judge