**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Case No.  23-cr-00190-1 (ABJ)** |
| | * | |
| **ASHLEY GAUSE** | * | |

**MOTION TO DISMISS § 924(c) COUNTS**

Ashley Gause, by her undersigned counsel, hereby respectfully moves this Honorable Court to Dismiss Counts 17, 19 and 21, which charge Ms. Gause with a violation of 18  U.S.C. § 924(c) on three separate occasions.  As more fully set forth below, the basis for this motion is that the Government did not properly instruct the Grand Jury on the elements of the § 924(c) offenses, violating Ms. Gause's right under the Fifth Amendment Grand Jury clause.  Were the Court to determine that it has insufficient information to grant the Defendant's Motion to Dismiss, she respectfully requests that the Court, pursuant to Rule 6(e), Order the government to produce the Grand Jury minutes regarding its instructions on these three counts so that the Court and the Defendant may review them in support of her motion.

**A.      Factual Background**

The government has no evidence that Ms. Gause personally used, carried, or brandished a firearm during the commission of any Hobbs Act robbery.  Indeed, the government has no evidence that Ms. Gause personally robbed or even entered any of the 18 or 19 business establishments set out in the overt acts in the Hobbs Act conspiracy charged in Count One or any of the separate Hobbs Act robberies charged.  Nonetheless, the Indictment charges that Ms. Gause and her co-defendants were members of two conspiracies, one to commit robberies and one to distribute narcotics acquired during some of the robberies. The conspiracy charges, Counts One and Two, list a sequence of

robberies which occurred in Washington, D.C., Maryland, Virginia, and New Jersey. Counts Three through Twenty-One charge interference with commerce by robbery for specific robberies in violation of 18 U.S.C. § 1951 ("Hobbs Act" robberies) and, where allegedly applicable, using and carrying a firearm during the commission of the alleged robbery, in violation of 18 U.S.C. § 924(c).

Counts Sixteen through Twenty One charge Ms. Gause with a § 924(c) firearm offense expressly linked to a § 1951 robbery.

| 16 | 5/4/21 | Hobbs Act robbery, 18 U.S.C. § 1951 | AT&T, Wheaton, MD |
|---|---|---|---|
| 17 | 5/4/21 | Use, Carry, Brandish Firearm in connection with Crime of Violence (Count 16), 18 U.S.C. § 924(c) | |
| 18 | 5/5/21 | Hobbs Act robbery, 18 U.S.C. § 1951 | AT&T, Hyattsville, MD |
| 19 | 5/5/21 | Use, Carry, Brandish Firearm in connection with Crime of Violence (Count 18), 18 U.S.C. § 924(c) | |
| 20 | 5/7/21 | Hobbs Act robbery, 18 U.S.C. § 1951 | AT&T, Laurel, MD |
| 21 | 5/7/21 | Use, Carry, Brandish Firearm in connection with Crime of Violence (Count 20), 18 U.S.C. § 924(c) | |

**B.    Section 924(c)(1)(A) of Title 18 provides:**

(1) (A)Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, *during and in relation* to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in *furtherance of any such crime*, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime —
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(emphasis added).

2

In *Bailey v. United States,* the Supreme Court held that a conviction for using a firearm under § 924(c)(1) required the Government to show "active employment of the firearm," *Bailey v. United States*, 516 U.S. 137, 144 (1995), not its mere possession, *id.*, at 143.  Following the Supreme Court's decision in *Bailey*, Congress amended § 924 to broaden its reach.  The *Bailey*-fix created two separate offenses: (a) using or carrying a firearm *during and in relation to* any crime of violence or (b) possession of a firearm *in furtherance of a crime of violence* 18 U.S.C. § 924(c)(1)(A) (2000). (emphasis added). *United States v. Wahl*, 290 F.3d 370, 375 (D.C. Cir. 2002).  In other words, § 924(c) is violated when a person uses or carries a firearm "during and in relation" to a crime of violence.  Where the firearm is simply possessed, it must be done "in furtherance of" a crime of violence.

## C.    The Indictment

In the instant case, the government conflated the elements of the two separate offenses.  Thus Count Seventeen charges:

> On or about May 4, 2021, within the District of Columbia and elsewhere, ASHLEY GAUSE, also known as "Cray," D'MARRELL MITCHELL, also known as "Baby," and others known to the Grand Jury, did unlawfully and knowingly use, carry, and brandish, a firearm, that is, a Glock 19 9-milimeter semi-automatic firearm, during and in relation to, *and in furtherance of*, a crime of violence, for which they may be prosecuted in a court of the United States, that is, Count Sixteen of this Indictment which is incorporated herein.

Indictment (ECF 3) at 15 (emphasis added).  Counts Nineteen is identical with the exception that the charged is May 5, 2021 and the crime of violence referenced is Count Eighteen.  Count Twenty-One only charges Ms. Gause and uses identical language except for the date which is alleged to have been May 7, 2021 and the crime of violence referenced is Count Twenty.

Although § 924(c) prohibits use and carrying only when done "during and in relation to" a crime of violence, the Indictment adds the "in furtherance" language, which is not how the statute reads. Thus, the inference to be drawn is that in presenting the case to the Grand Jury and instructing on the elements of the § 924(c) offenses, the government made the same mistake. The mistake broadened the elements to allow a finding that § 924(c) is violated if the firearm was used and carried "in furtherance" of a crime of violence even if it was not during the crime of violence. An instructional error regarding the elements of the offense would violate Ms. Gause's Fifth Amendment rights.

**D.    The Fifth Amendment Grand Jury Clause**

In pertinent part, the Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . .

The Grand Jury clause of the Fifth Amendment confers the substantial right that defendants shall not be tried except on presentment of an indictment. The Grand Jury has two basic and deeply rooted functions in our criminal justice system:

> the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by 'a presentment or indictment of a Grand Jury.' The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions.

*United States v. Calandra,* 414 U.S. 338, 343 (1974). The defendant may be tried only on the charges named in the indictment that the grand jury has approved. *Stirone v. United States*, 361 U.S. 212, 215-16 (1960); *United States v. Leichtnam*, 948 F.2d 370, 375 (7th Cir. 1991). The defendant

is deprived of his right to have all charges screened by the grand jury "if the deviation in proof ... from the specifics of the indictment affects an essential element of the offense charged." *United States v. Lemire*, 720 F.2d 1327, 1345 (D.C. Cir.1983).

Where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts "grave doubt that the decision to indict was free from the substantial influence" of the erroneous instruction. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988); *see also United States v. Mechanik*, 475 U.S. 66, 78 (1986) ("when a defendant makes a timely objection to the grand jury indictment based on a violation of Rule 6(d), the remedy of dismissal of the indictment is appropriate if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt as to whether it had such effect"); *United States v. Stevens*, 771 F. Supp. 2d 556, 567 (D. Md. 2011), *citing United States v. Peralta*, 763 F. Supp. 14, 21 (S.D. N.Y. 1991).

Instructing the Grand Jury that Ms. Gause could be charged with a § 924(c) offense if she used, carried or brandished the firearm in "furtherance of" a crime of violence would be a substantial mistake that affected Ms. Gause's Fifth Amendment rights. The instructional error would thwart the dual responsibilities of the Grand Jury "to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions." *Calandra*, 414 U.S. at 343.

Under the particular facts of this case, that instructional error affects Ms. Gause's substantial rights. The government has charged Ms. Gause with three separate § 924(c) counts even though there is no proof that she personally used, carried, or brandished the Glock firearm involved in the three counts. Nor does the government have proof that Ms. Gause ever possessed the Glock. Nor does

the government have proof that Ms. Gause personally robbed any of the business linked to the §
924(c) offenses.  Instead, the government's theory of prosecution is based on its claim that at some
point in time, an image of a Glock firearm was located in a phone which the government claims
belonged to Ms. Gause.  The government takes the position that possession of an *image* of a firearm
amounts to aiding and abetting the use, carry, and brandishing of a firearm.  Under these
circumstances, there is a substantial likelihood that the Grand Jury had it been properly instructed
would not have found that Ms. Gause used, carried or brandished the firearm "during" the crime of
violence.

The government's expansive view of the offense is even more astounding when one
considers that the government does not allege that Ms. Gause personally participated in the robbery
or was even present inside the phone store during the robbery.  Nor is the person whom the
government alleges committed the robberies and carried the Glock charged as a defendant in the
instant case.

Under these circumstances, an instruction that allowed the Grand Jury to find probable cause
to charge Ms. Gause with the three § 924(c) robberies if she carried, used and brandished the Glock
"in furtherance" of the robberies rather than "during" the robberies casts "grave doubt that the Grand
Jury's decision to indict was free from the substantial influence" of the erroneous instruction.  The
term "in furtherance of" introduces a much more amorphous concept that contrasts with the more
precise and explicit term "during".  Moreover, as enacted by Congress, § 924(c) does not prohibit
"using, carrying and brandishing" a firearm in furtherance of a crime of violence.

In sum, the language used in the three § 924(c) counts makes it doubtful that the government
properly instructed the Grand Jury.  Under the circumstances, the error "either substantially

6

influenced the decision to indict or, at the very least, creates grave doubt as to that decision." *Stevens, supra,* at 568. Such an amendment of the statutory language, goes "to the heart of the intent required to indict." *Id.*

**E.    Grand Jury Minutes**

Were the Court to find that it has insufficient evidence from which to make a finding that the the Grand Jury was not properly instructed, Ms. Gause respectfully requests that the Court Order the government to produce the Grand Jury minutes regarding its instructions to the Grand Jury on the § 922(g) count. *See* Rule 6(e)(3)(E)(ii), FED. R. CRIM. P (Court may authorize disclosure of grand jury minutes).

**CONCLUSION**

For all these reasons, Ms. Gause respectfully requests that this Honorable Court dismiss Counts Seventeen, Nineteen, and Twenty-One of the Indictment that charged § 924(c) counts against Ms. Gause. Were the Court to find that the underlying facts warranting dismissal have not be adequately developed, Ms. Gause respectfully requests that this Honorable Court Order the government to disclose the minutes of the Grand Jury proceedings relating to the legal instructions on the § 924(c) counts.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD03366
7166 Mink Hollow Road
Highland, MD 20777
(240) 472-3391; (301) 854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was served on all counsel of record via ECF this 13th day of June 2025.

/s/ *Carmen D.  Hernandez*
**Carmen D.  Hernandez**