UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ASHLEY GAUSE (1),<br>D'MARRELL MITCHELL (2),<br>TERRANCE BRANHAM (3), and<br>DEAUNDRE BLOUNT (6) | Case No. 23-CR-190 (ABJ) |

### DEFENSE OBJECTIONS TO GOVERNMENT UPDATED EXHIBITS

Defendants submit the attached objections to the government's updated exhibit list. Defendants have worked diligently to review and object to the government's new exhibits. However, the government's production of exhibits continues to be incomplete. Additionally, the government has been producing the exhibits piecemeal, such that it is extremely difficult to ensure that the correct version of a document is the intended exhibit. Third, some are hundreds of pages of text messages or call details. Defendants reserve the right to submit further objections and Federal Rule of Evidence 106 designations in light of the disorganization and lateness of the government's production.

Defendants also continue to object to the relevance and cumulative nature of portions of the identified video surveillance and photographic evidence. In the first round of objections, defense counsel noted where specific videos or photographs appeared to be irrelevant (because they did not picture the event or were duplicative of other exhibits). The court stressed that the government should identify only relevant exhibits and consolidate the number of photos and videos it intended to present to the jury. The government specifically stated to the Court that it would be both reducing the number of exhibits and witnesses. The government has done neither

1

and instead, added numerous exhibits, including additional videos and photographs. Additionally, none of the video surveillance is clipped to show only the relevant portions.

The same issues of relevance and lack of notice about the specific portions the government tends to introduce is also present with respect to the officer body-worn camera ("BWC") footage. The Court addressed this issue at the August 20, 2025, pretrial conference and agreed with defense counsel that the audio of the entire BWC video for various officers is not relevant and told the government to identify which portions of the BWC it intended to use and which audio. The government has not done so.

Additionally, for the identified cell phone extractions, the government has not produced an exhibit that is the complete extraction but instead only produced and labeled as exhibits specific portions of the various phones. This requires defense counsel to dig through discovery, which was not produced in an organized fashion, with discovery letters, or with indexes, to find the various extractions for the various individuals and then attempt to locate the specific item identified by the government to try to address completeness. In the time since the updated exhibit list was provided, this exercise was not possible.

Finally, defendants also object to the hearsay and argumentative nature of some of the exhibit descriptions, for example, 406-406 (Pretend Customers); 1808 (Accost Pharmacist view); 2054 (Branham CRD).

                                                Respectfully submitted,

                                                A. J. KRAMER
                                                FEDERAL PUBLIC DEFENDER

                                                _/s/ Diane Shrewsbury_
                                                Diane Shrewsbury
                                                Benjamin Schiffelbein
                                                Assistant Federal Public Defenders
                                                625 Indiana Ave., N.W., Suite 550

Washington, D.C.  20004
(202) 208-7500