## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| vs.   * | Case No. 23-cr-00190-1 (ABJ) |
| * | |
| **ASHLEY GAUSE**, * | |
| **Defendant**  * | |
| * | |

ooOoo

### ASHLEY GAUSE'S MOTION FOR A *DAUBERT* HEARING AND MOTION IN LIMINE CONCERNING TESTIMONY BY A PROPOSED DRUG TRAFFICKING EXPERT

Ashley Gause, by her undersigned counsel, hereby respectfully moves this Honorable Court for a Daubert Hearing with respect to the Drug Trafficking expert the government noted on August 27, 2025 (ECF 243) and for a motion in limine regarding his testimony. The basis for this motion is that it appears that the drug expert identified by the government does not possess the "specilized knowledge" required to be qualified as an expert in a case where the criminal allegations involve the sale of stolen pharmaceuticals. Additionally, as the Court already observed during an earlier hearing, the Expert Notice seeks to adduce testimony not permitted under the rules of evidence. This motion is filed to preserve objections to such improper testimony, already noted by the Court, and also to make clear that such testimony should be excluded in any event under all prongs of Rule 403, Fed. R. Evid.

Ms. Gause also moves to adopt and incorporate by reference the Motion filed by Mr. Mitchell (ECF 253, filed 8/31/25) regarding this same expert.

**I.      Introduction**

On June 20, 2025, the government filed a Notice of Expert Testimony in the Field of Drug Trafficking and Distribution ("drug trafficking expert") (ECF No. 176).  While the Notice did not identify an expert it set out the unknown expert's anticipated testimony.  In particular, among other things, the Notice includes a number of opinions "[r]egarding the specific facts of this case." *Id.* at 3-5.  Finally, the Notice states that

> Based on a review of the defendants' cellphones, the defendants were engaged in the robbery, marketing, and distribution of narcotics.

*Id.*  The same information is contained verbatim in the recent Notice (ECF 243, filed 8/25/25), which identifies Investigator Ryan Bernier, Metropolitan Police Department as the drug trafficking expert.

**II.     Relevant Principles Regarding the Admission of Expert Evidence Under the Federal Rules of Evidence**

Rule 702 of the Federal Rules of Evidence provides that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 thus establishes a two pronged threshold for the admissibility of expert evidence. First, it must be based on "scientific, technical or other specialized knowledge."  Second, it must assist or be helpful to the trier of fact. *See Meister v. Medical Engineeering Corp.*, 267 F.3d 1123, 1126 (D.C. Cir. 2001).

As to the first requirement, in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court listed four factors which the trial court must examine to determine whether proffered "scientific" evidence is sufficiently reliable to be admitted into evidence. Thus before admitting expert "scientific" evidence, the district court must evaluate whether the theory or technique has been tested, whether it has been subjected to peer review and publication, the method's general known or potential error rate and its general acceptance in the relevant scientific community. *Id*., at 590-595.

Rule 702 does not limit expert evidence to "scientific evidence." Its explicit terms allow the admission of expert evidence based on other "specialized knowledge." The "gatekeeping" which *Daubert* imposes on the district court in regard to expert scientific evidence applies equally to non-scientific expert testimony. *Kumho Tire Co., LTD v. Carmichael*, 526 U.S. 135, 141 (1999).

The second threshold requirement is that the expert testimony must be helpful to the jury in resolving the specific issues presented by the case. The helpfulness inquiry is essentially one of relevance. *Daubert*, 509 U.S. at 591. To be helpful to a jury, expert testimony must usually be beyond the common sense or understanding of the layman. *United States v. Long*, 328 F.3d 655, 666-67 (D.C. Cir. 2003) (expert can testify to matters "not ordinarily familiar to the average person.").

Like other evidence, expert evidence is subject to Fed. R. Evid. 403 and must be excluded where the prejudicial effect of the evidence substantially outweighs its probative value or where such evidence is likely to confuse the issues, mislead the jury or result in undue delay. *See United States v. Doe*, 903 F.2d 16, 21-23 (D.C. Cir. 1990) (reversible error for expert to testify that Jamaicans had taken over the local retail drug market as testimony went well beyond *modus operandi,* did not provide legitimate assistance to jury in deciding issues and suggested that jury

decide case on an improper basis).

Finally, Fed. R. Evid. 704(b) forbids expert testimony concerning the mental state of a defendant. *See United States v. Boyd*, 55 F.3d 667, 669 (D.C. Cir. 1995) (error for expert to give opinion that defendant had intent to distribute drugs).

## III.  The Proposed Testimony of Investigator Ryan Bernier

Inspector Bernier is not a scientist. Accordingly, to be admissible, his proffered testimony must be based on "specialized knowledge" within the meaning of Rule 702. In its August 25 disclosure, the government did include a curriculum vitae of Inspector Bernier and a list of cases where he has testified as an expert. However, a review of the cases listed in the CV in the short time since Bernier was noticed appear not to include any cases involving pharmacy robberies nor the alleged sale of stolen pharmaceutical medications. Rather, the cases seem to be the typical drug trafficking case prosecuted in this jurisdiction – cocaine, heroin, fentanyl, and marijuana.

The late notice is also deficient in that the government has not produced any meaningful *Jencks*. The only Jencks material the government has produced was a dozen pages of cross-examination, which provides insufficient information to determine the scope of Bernier's "specialized knowledge." With so little time before trial begins, it is impossible for CJA counsel to obtain transcripts of the cases listed.

As the Court has a "gatekeeping" function with regard to the proffered evidence, *see Kumho Tire*, supra (district court must conduct *Daubert* inquiry to determine reliability of "technical" and "specialized testimony" proffered under Rule 702), Ms. Gause requests that the Court hold a *Daubert* hearing to determine the reliability of Inspector Bernier's opinions and their underlying bases or data, as well as his qualifications to render those opinions.

Regardless, of whether Inspector Bernier is allowed to testify generally as an expert, as set out below, Ms. Gause objects to several of the proposed opinions on various additional grounds. In particular, Ms. Gause objects to the proffered opinion that "defendants were engaged in the robbery, marketing and distribution of narcotics." (ECF 243 at 4). For starters, Inspector Bernier has not been proffered as a robbery expert. The government has produced insufficient information to conclude that Inspector Bernier has sufficient "specialized knowledge" to provide testimony on any of the opinions set out on page 5 regarding whether the quantities are consistent with distribution or personal use. And, FED. R. EVID. 704(b) prohibits an expert from stating an "opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."

## CONCLUSION

In sum, the Court should exclude Inspector Bernier's testimony in whole. At a minimum, the Court is required to determine the reliability of Bernier's proffered "specialized knowledge." The testimony is not necessary to assist the jury, will not be helpful, and at this late date, will result in "unfair prejudice, confus[e] the issues, mislead[] the jury, cause undue delay, and result in a waste time, needlessly presenting cumulative evidence" under Rule 403.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that the instant notice was served via ECF on all counsel of record this 7th day of September, 2025.

                                                                             /s/ *Carmen D. Hernandez*
                                                                             **Carmen D. Hernandez**